CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 17 2005

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROGER D. HUGHES, ) | |
| ) | Civil Action No. 7:05CV00254 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | By:    Honorable Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

The plaintiff, Roger D. Hughes, filed this action seeking review of the final decision of the Commissioner of Social Security denying plaintiff's request to reopen an earlier application for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416 and 423. Plaintiff also seeks review of the decision of the Commissioner establishing April 4, 2001 as the date of plaintiff's disability onset for purposes of a subsequent application for a period of disability and disability insurance benefits. Jurisdiction is asserted under 42 U.S.C. § 405(g). The Commissioner has filed a motion to dismiss, arguing that this court lacks subject matter jurisdiction to consider the denial of the request to reopen the earlier application for a period of disability and disability insurance benefits. As for the second claim, the Commissioner maintains that there is substantial evidence to support the finding that plaintiff first became disabled for all forms of substantial gainful employment on April 4, 2001. If such substantial evidence exists, the final decision of the Commissioner establishing plaintiff's disability onset date must be affirmed. Laws v. Celebreeze, 368 F.2d 640 (4th Cir. 1966).

The plaintiff, Roger D. Hughes, was born on April 1, 1951, and eventually earned a general equivalency diploma. Mr. Hughes has worked as a delivery truck driver and warehouse supervisor.

Apparently, he last worked on a regular and sustained basis in 1999. On June 21, 1999, plaintiff filed an application for a period of disability and disability insurance benefits. Mr. Hughes alleged that he became disabled for all forms of substantial gainful employment on April 8, 1999 due to a back injury. The record reveals that Mr. Hughes met the insured status requirements of the Act at all relevant times. See 42 U.S.C. §§ 414 and 423.

Plaintiff's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated May 24, 2000, the Law Judge also determined that Mr. Hughes was not disabled. Based on degenerative changes in plaintiff's lumbar spine, the Law Judge held that Mr. Hughes was disabled for his past relevant work roles. However, the Law Judge found that plaintiff retained sufficient functional capacity for a full range of light exertion. Given such a residual functional capacity, and after consideration of plaintiff's age, education, and prior work experience, the Law Judge applied the medical vocational guidelines so as to conclude that Mr. Hughes remained capable of performing several specific light work roles which existed in significant number in the national economy. See 20 C.F.R. § 404.1569 and Rule 202.21 of Appendix II fo Subpart P of the Administrative Regulations Part 404. Accordingly, the Law Judge ultimately concluded that Mr. Hughes was not disabled, and that he was not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council.

Mr. Hughes filed a new application for disability insurance benefits on April 24, 2002. Plaintiff again alleged that he became disabled for all forms of substantial gainful employment in April 1999 due to degeneration of the spine. As to his alleged disability onset date, Mr. Hughes

2

requested a reopening of the earlier administrative denial. See 20 C.F.R. § 404.987, et seq. Plaintiff's new application was approved upon initial consideration. He was found to be entitled to a period of disability beginning on April 5, 2001, but not prior thereto. Plaintiff's request to reopen the first administrative decision, so as to establish an earlier disability onset date, was denied. The initial administrative decision was affirmed upon reconsideration. Mr. Hughes then requested and received a de novo hearing and review before a second Administrative Law Judge.

The second Administrative Law Judge issued an opinion on January 20, 2005. The Law Judge ruled that there was no good cause to reopen the earlier application, and that further consideration of the issue of plaintiff's entitlement to benefits for the period prior to May 24, 2000, the date of the earlier administrative decision, was barred by application of the doctrine of administrative res judicata. (TR. 28-29). As to the previously unadjudicated period after May 24, 2000, the Law Judge agreed that Mr. Hughes became disabled for all forms of substantial gainful employment on April 5, 2001. The Law Judge determined that, during the relevant period, plaintiff suffered from degenerative changes in the lumbar spine with chronic sacroiliitis. The Law Judge held that plaintiff's impairments rendered him disabled for his past relevant work. However, the second Law Judge also found that Mr. Hughes retained sufficient functional capacity during this period to perform a full range of light exertional activity. Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, the Law Judge applied the medical vocational guidelines so as to conclude that Mr. Hughes retained sufficient functional capacity to perform several specific light work roles during the period between May 24, 2000 and April 4, 2001. The second Law Judge affirmed the earlier determination that Mr. Hughes became disabled for all forms of substantial gainful employment on April 5, 2001. The Law Judge gave no

3

real reason for finding that Mr. Hughes became disabled on this day, other than to note that plaintiff's residual functional capacity was deteriorating and that he reached the age of 50 on April 1, 2001, a relevant circumstance under the medical vocational guidelines. See 20 C.F.R. § 404.1563.

The second Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Mr. Hughes filed his complaint in this court on April 29, 2005. As previously noted, the Commissioner has filed a motion to dismiss the complaint insofar as it seeks a reopening of the earlier administrative decision. Citing Califano v. Sanders, 430 U.S. 99 (1977), the Commissioner argues that the court is without subject matter jurisdiction to address this issue. The Commissioner also argues that there is substantial evidence to support the finding that Mr. Hughes did not become disabled for all forms of substantial gainful employment prior to April 5, 2001.

Based on the history of this case as outlined above, the court is constrained to conclude that the Commissioner's motion to dismiss plaintiff's complaint seeking review of the denial of his motion to reopen is well taken. It is clear that the second Administrative Law Judge denied plaintiff's request to reopen on the ground of administrative res judicata. See 20 C.F.R. § 404.957(c)(1). Califano v. Sanders, supra, stands for the proposition that, upon dismissal of a request to reopen on the basis of res judicata, 42 U.S.C. § 405(g) does not confer subject matter jurisdiction absent a constitutional challenge. In Califano v. Sanders, supra, the United States Supreme Court held that neither 42 U.S.C. § 405(g) nor the Administrative Procedure Act confers subject matter jurisdiction to review the Commissioner's refusal to reopen a prior determination. 430 U.S. at 105-108. Inasmuch as 42 U.S.C. § 405(g) provides the only possible basis for

4

jurisdiction of the court in this case, the request for review of the refusal to reopen must be dismissed.

In reaching this conclusion, the court has undertaken to consider the two exceptions to the rule of Califano v. Sanders, supra, which have been applied in the denial of requests to reopen. In limited circumstances not present in the instant case, it has been noted that a federal court may review the Commissioner's refusal to reopen a prior disability determination where the administrative process was so fundamentally unfair as to rise to the level of a due process violation. See Casey v. Sullivan, 3 F.3d 75, 79 (4th Cir. 1993) (citing Thomas v. Schweiker, 665 F.2d 936, 940-41 (9th Cir. 1982) (finding that the record was obviously inadequate to support the Secretary's findings that the application of res judicata would amount to a denial of due process)). Mr. Hughes does not argue that he was without mental capacity to understand the need to appeal the first, adverse administrative decision under 42 U.S.C. § 405(g). Indeed, the record indicates that plaintiff was represented by counsel at that time, and that the decision not to pursue an appeal was a conscious and considered one. The court finds that the refusal to reopen the earlier claim does not amount to a deprivation of due process.

The court also agrees that, in adjudicating this matter, the Commissioner did not undertake to consider the claim and the new evidence on the merits, so as to effect a constructive reopening of Mr. Hughes' earlier case. See Farley v. Califano, 599 F.2d 606 (4th Cir. 1979). Indeed, in considering the second application, the Administrative Law Judge squarely relied on the doctrine of administrative res judicata in denying plaintiff's request to reopen the earlier application. The Law Judge ruled that there was insufficient cause for reopening the earlier administrative proceedings. In so ruling, the Law Judge clearly held that the new evidence presented by Mr. Hughes was merely

cumulative. The court concludes as a matter of law that there was a sufficient basis upon which the Commissioner could reasonably find that plaintiff's second and current application was essentially the same as the first application, and that further administrative review of the issue of entitlement prior to the date of the earlier application is foreclosed by the Administrative Law Judge's opinion in that case.

In a well-considered memorandum in support of his position, Mr. Hughes argues that the second Administrative Law Judge actually reopened his earlier claim by considering the new medical evidence in context with the earlier record. The court does not agree. While it is true that the second Administrative Law Judge did refer to the evidence dated prior to April 5, 2001, it is clear that the Law Judge was focusing on the previously unadjudicated period of time between May 24, 2000 and April 4, 2001. There is simply no indication that the Law Judge ever considered the issue of plaintiff's disability prior to May 24, 2000 on the merits. It follows that the court is without jurisdiction to consider the merits of plaintiff's request to reopen. Califano v. Sanders, supra. See also, McGowen v. Harris, 666 F.2d 60 (4th Cir. 1981).

The court must now consider whether there is substantial evidence to support the determination of the second Law Judge that Mr. Hughes did not become disabled for all forms of work at any time between May 24, 2000 and April 4, 2001. After a review of the record, the court is unable to conclude that this decision is supported by substantial evidence. As previously noted, the second Administrative Law Judge found that Mr. Hughes suffers from physical limitations caused by a back impairment. However, the court believes that the medical record also establishes the existence of a significant nonexertional impairment. Given the existence of nonexertional limitations, the court concludes that the Administrative Law Judge erred in relying strictly on the

6

medical vocational guidelines in determining that Mr. Hughes was not disabled between May 24, 2000 and April 4, 2001.

During development of the record in connection with plaintiff's first application for benefits, several treating physicians noted emotional symptomatology. The state disability agency referred Mr. Hughes to Dr. Jerome S. Nichols for a psychological evaluation. Dr. Nichols completed a report on November 11, 1999. Based on psychological testing results and his own clinical findings, Dr. Nichols diagnosed a borderline range of intelligence complicated by a pain disorder with psychological and medical factors. The psychologist assessed plaintiff's GAF at 51.[1] Dr. Nichols also completed a medical assessment of plaintiff's mental ability for work-related activities. The psychologist reported serious limitations in plaintiff's capacity to deal with work stresses and maintain attention/concentration. Dr. Nichols also described limitations in plaintiff's capacity to use judgment, function independently, and behave in an emotionally stable manner.

The second Administrative Law Judge referred to Dr. Nichols' assessment as a "one-time consultative evaluation." (TR. 21). However, the facts remain that Mr. Hughes was referred to a psychologist for a reason, and that the state disability agency chose Dr. Nichols to evaluate plaintiff's emotional status. Dr. Nichols produced mental health findings which strongly indicate that plaintiff's capacity for work was affected by nonexertional factors. It does not seem appropriate for the Law Judge to discount the psychological report because it was a "one time" evaluation when it was the state agency that found it necessary to secure a "one time" consultative report. The court

---

[1] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A score of between 60 and 51 is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning. American Psychiatric Association: *Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition, Text Revision. Washington, DC, American Psychiatric Association, 2000. P. 44-48.

7

finds that Mr. Hughes met the burden in establishing that he suffered from a combination of exertional and nonexertional impairments during the previously unadjudicated period of time.

The court finds that disposition of this issue is governed by the decision of the United States Court of Appeals for the Fourth Circuit in Grant v. Schweiker, 699 F.2d 189 (4th Cir. 1983). In Grant, a panel of the Fourth Circuit concluded that the medical vocational guidelines, also known as the grid, are inapplicable in cases such as this where nonexertional impairments exist in combination with exertional limitations. In considering such a combination of exertional and nonexertional impairments, the Court stated in Grant as follows:

> Manifestly, if Grant demonstrates the presence of nonexertional impairments, the Secretary, in order to prevail, must be required to prove by expert vocational testimony that, despite Grant's combination of nonexertional and exertional impairments, specific jobs exist in the national economy which he can perform. The grids may satisfy the Secretary's burden of coming forward with evidence as to the availability of jobs the claimant can perform only where the claimant suffers solely from exertional impairments. To the extent that nonexertional impairments further limit the range of jobs available to the claimant, the grids may not be relied upon to demonstrate the availability of alternative work activities. Instead, in such cases the Secretary must produce a vocational expert to testify that the particular claimant retains the ability to perform specific jobs which exist in the national economy. See Taylor v. Weinberger, 512 F.2d 664 (4 Cir.1975) (requiring expert vocational testimony).

699 F.2d at 192.

At the administrative hearing conducted in connection with Mr. Hughes' second application, a vocational expert was present but did not testify. Thus, there was no vocational assessment as to the combined impact of plaintiff's exertional and nonexertional impairments. The court finds "good cause" for remand of this case to the Commissioner for additional consideration as to whether plaintiff was disabled for all forms of substantial gainful employment at a point in time in between May 20, 2000 and April 4, 2001. See 42 U.S.C. § 405(g).

For the reasons stated, the court concludes that it is without subject matter jurisdiction to consider plaintiff's request for review of the Commissioner's denial of plaintiff's motion to reopen his earlier application for a period of disability and disability insurance benefits. Accordingly, plaintiff's complaint shall be dismissed to the extent that it seeks review of the denial of the motion to reopen. As to plaintiff's claim of entitlement to a disability onset date at some point in time between May 24, 2000 and April 4, 2001, the court finds "good cause" for remand of the case to the Commissioner for further consideration as to the vocational significance of plaintiff's combination of exertional and nonexertional impairments. If the Commissioner is unable to decide this issue in plaintiff's favor based on the existing record, the Commissioner will conduct a supplemental administrative hearing at which both sides will be allowed to present additional evidence and argument. An order in conformity will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This 17th day of November, 2005.

_____
United States District Judge